1   THOMAS E. DUCKWORTH (SBN 152369)
    MARK C. PETERS (SBN 160611)
2   DUCKWORTH & PETERS, LLP
    235 Montgomery Street, Suite 1010
3   San Francisco, California 94104
    Telephone:  (415) 433-0333
4   Facsimile:  (415) 449-6556
    Email:        tom@dpllplaw.com
5                    mark@dpllplaw.com

6   Attorneys for Plaintiffs
    REBECCA COBAIN, AMANDA SPITSEN,
7   and AMELIA ESPINOZA

8   JACKSON LEWIS LLP
    MIA FARBER (SBN 131467)
9   JAMES T. JONES (SBN 167967)
    DANA BROWN (SBN 221011)
10  801 K Street, Suite 2300
    Sacramento, California 95814
11  Telephone:  (916) 341-0404
    Facsimile:  (916) 341-0141

12
    Attorneys for Defendant
13  DESTINATION TAHOE HOTEL, INC.,
    (erroneously sued herein as DESTINATION
14  HOTELS & RESORTS)

15              IN THE UNITED STATES DISTRICT COURT

16           FOR THE EASTERN DISTRICT OF CALIFORNIA

17  REBECCA COBAIN, AMANDA SPITSEN and       Case No. 05-CV-02248-FCD-DAD
    AMELIA ESPINOZA,
18                                           **STIPULATION AND PROTECTIVE
                                             ORDER REGARDING
19          Plaintiffs,                      CONFIDENTIALITY; AND ORDER**

20       v.

21  DESTINATION HOTELS & RESORTS, and
    DOES 1 through 25, inclusive,
22
            Defendants.
23

24          Pursuant to the Local Rule 83-143 of the Eastern District of California, defendant

25  Destination Tahoe Hotel, Inc., and plaintiffs Rebecca Cobain, Amanda Spitsen, and Amelia

26  Espinoza through their undersigned attorneys of record, enter into this stipulation and protective

27  order to facilitate open exchange of information relating to this litigation.  The parties assert that

28  the disclosure of certain records and information are confidential and protected by the privacy

                                        1

PDF created with pdfFactory trial version www.pdffactory.com

1    rights of the parties and/or third parties, including, but not limited to, sensitive financial

2    commercial information, proprietary business information, and trade secrets not otherwise

3    available to such other parties or the public generally (hereafter referred to as "Confidential

4    Information").   The parties assert that they and third parties have privacy interests and

5    confidentiality interests in these records and the information contained therein.

6           Therefore, the parties stipulate as follows:

7           1.      Any party who conveys or receives, and any non-party who conveys, information

8    in connection with this action may designate any record, which the party reasonably and in good

9    faith believes to be confidential, as Confidential Information by marking any such documents

10   with the words, "Confidential" or "Confidential: Subject to Protective Order."   Confidential

11   Information includes responses to discovery requests, documents produced in response to a

12   request for production, deposition testimony (subject to Paragraph 2), or any other information a

13   party or non-party exchanges in discovery in connection with this action that the party or

14   non-party claims in good faith to constitute Confidential Information.

15          2.      In order to designate deposition testimony as confidential, counsel, the witness, or

16   the party whose Confidential Information is to be or was disclosed, must state on the record at the

17   deposition what is to be treated as Confidential Information.   Additionally, a party, or non-party

18   deponent, may designate testimony as Confidential Information in writing within 15 days from

19   the date the court reporter transmits the deposition transcript for review for certification.   After

20   any such written designation, counsel for all the parties shall be responsible for marking the

21   designated material in all previously unmarked copies of transcripts.   Prior to the expiration of the

22   15-day period, all information disclosed during a deposition shall constitute Confidential

23   Information, unless otherwise agreed by the parties and the witness, or ordered by the Court.

24          3.      The parties shall preserve the confidentiality and privacy of all Confidential

25   Information.

26          4.      The Confidential Information shall be made available only to the Court, the

27   parties, counsel of record, experts engaged by the parties or counsel of record, certified court

28   reporters, videographers, consultants, and the authors of the Confidential Information.   A

2

PDF created with pdfFactory trial version www.pdffactory.com

1   non-party witness may be examined and may testify regarding Confidential Information, if the

2   non-party witness acknowledges receipt of this Protective Order, as set forth in Paragraph 6

3   below.

4       5.      Persons receiving Confidential Information shall use it solely for the purpose of

5   this litigation.  Confidential Information may be disclosed to persons only to the extent necessary

6   for the preparation or trial of this case.  Confidential Information shall not be disclosed directly or

7   indirectly to any other person other than as provided in this Order, except by written agreement of

8   the party or non-party designating the information Confidential Information.   Unauthorized

9   disclosure of the substance, a summary, or any portion of a confidential document constitutes a

10  violation of this Order.

11      6.      In the event that any Confidential Information is disclosed to any person set forth

12  in paragraph 4, supra (or to any person beyond the scope of that permitted by this Order, to the

13  extent permitted by agreement or subsequent order), each person receiving such disclosure shall

14  be shown a copy of this Order and shall sign a statement acknowledging receipt of this Order and

15  acknowledging agreement to be bound by its terms prior to receiving the disclosure.  Each person

16  receiving such disclosure shall be bound by this Order.  Counsel making such disclosure shall be

17  responsible for maintaining a log of the originals of such statements.  This Order is enforceable in

18  contempt proceedings.

19      7.      Nothing in this Order shall be deemed to: (1) limit or waive any right of any party

20  to resist or compel discovery with respect to documents or other material which maybe claimed to

21  be privileged or otherwise protected or protectable; (2) preclude any party at any time from

22  seeking and obtaining from the Court, on an appropriate showing, additional protection, including

23  an order that material shall not be produced at all; or (3) constitute a ruling on the admissibility of

24  any documents or other material as evidence in this action.

25      8.      At the conclusion of this litigation, by whatever means, all Confidential

26  Information shall be destroyed or returned to counsel for the party that produced such

27  information, including all copies of Confidential Information ever in their possession or caused to

28  be created through their possession that were produced in this action.

3

PDF created with pdfFactory trial version www.pdffactory.com

9.      If there is any unauthorized disclosure of any documents or records subject to this Order by any person, said person may be subject to sanctions and contempt for violation of this Order.  Counsel for the parties agree to forward a copy of this protective order to their clients prior to or concurrently with providing Confidential Information to their clients.  The parties are bound by this protective order.

10.      Any party may, at any time after production of Confidential Information, object to its designation by notifying all parties in writing of that objection and specifying the designated material to which the objection is made.  Within fifteen (15) days of the date of the written objection, the parties shall meet and confer verbally or in writing, or both, regarding the objection.  If the objection is not resolved, the party designating the information Confidential Information shall file and serve a motion to designate records as Confidential Information pursuant to this order.  Such a motion shall be submitted and served on all parties within thirty (30) days of the date of the written objection.  The party designating the information or record as Confidential Information shall bear the burden of proof on whether good cause exists for the information to be designated as confidential.  If no such motion is filed or request for judicial intervention is not made, the material will not be considered Confidential Information until further order of the Court or written agreement of the parties.

11.      If a party who has previously designated a document in this action as confidential subsequently introduces that same document in a public forum, in a manner that exposes that document to the public, any opposing party may argue that the party has waived his, her, or its right to continue to claim that document as confidential in this action.

12.      If a party to this action receives a Court order or subpoena for documents that have been designated Confidential Information, that party shall (a) promptly notify counsel of record for the party or non-party claiming the confidential treatment of the documents, and (b) furnish that counsel with a copy of the subpoena or other process or order.

///

///

///

4

PDF created with pdfFactory trial version www.pdffactory.com

1         13.    This Order is subject to modification by either party pursuant to stipulation and

2  order and/or appropriate motion procedures.

3         **IT IS SO STIPULATED.**

4

5  DATED:  August 9, 2006                DUCKWORTH & PETERS, LLP

6                           /s/ Thomas E. Duckworth

7                 By: _____

                         Thomas E. Duckworth

8

9                 Attorneys for Plaintiffs

                 REBECCA COBAIN, AMANDA SPITSEN,

10              and AMELIA ESPINOZA

11

12  DATED:  August 9, 2006                JACKSON LEWIS LLP

13

14                 By: ___/s/ James T. Jones_____

15                      James T. Jones

16                 Attorneys for Defendant

                 DESTINATION TAHOE HOTEL, INC.

17

18         **IT IS SO ORDERED.**

19

20

21  DATED:  August 16, 2006         _____

22                 DALE A. DROZD

                 UNITED STATES MAGISTRATE JUDGE

23

24

25

26  Ddad1/orders.civil/cobain2248.stipor16

27  H:\L\Lowe Enterprises, Inc\Cobain (77852)\Pleadings\Pld 014 Protective Order.doc

28

PDF created with pdfFactory trial version www.pdffactory.com